## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, <br><br> v. <br><br> **[1] Reynaldo LANDRON-CLASS, and** <br> **[2] Myriam Daisy PEREZ-PEREZ,** Defendants. | **INDICTMENT** <br><br> Criminal No. 09 - 329 (FAB) <br><br> VIOLATIONS: <br><br> Title 21, U.S.C., § 841(a)(1) <br> Title 21, U.S.C., § 846 <br> Title 21, U.S.C., § 853 and 881 <br> Title 18, U.S.C., § 2 |

**THE GRAND JURY CHARGES:**

At all times pertinent to this Indictment:

1. Oxycodone is a Schedule II controlled substance prescribed for pain. It is a morphine derivative and the active ingredient in painkillers, such as Percodan, Percocet, Endocet, Endodan, and Roxicet.

2. In order for a prescription for a controlled substance to be effective, it must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing of controlled substances is upon the prescribing practitioner, but a corresponding responsibility rests with the pharmacist who fills the prescription.

3. Defendant **Myriam Daisy PEREZ-PEREZ** is the owner of, and sole registered pharmacist at, Farmacia Bonneville and registered with the DEA to dispense controlled substances, DEA Registration AF2540688.

## COUNT ONE
## (Conspiracy to Possess with intent to Distribute and Dispense Controlled Substances)
## Title 21, United States Code, Section 841(a)(1)

From on or about and between January, 2005, and September 4, 2007, in the District of Puerto Rico and within the jurisdiction of this Court,

### [1] Reynaldo LANDRON-CLASS,

the defendant herein, did knowingly and intentionally conspire, confederate, and agree with others known and unknown to the Grand Jury, to possess with the intent to distribute and dispense forty-four point forty-six (44.46) kilograms (gross weight) or more of a mixture or substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

### OBJECT OF THE CONSPIRACY

1. The object of the conspiracy was to obtain multiple prescriptions for controlled substances under different names, some real and some fictitious; to then fill these prescriptions at three particular pharmacies, two located in Caguas and one located in Toa Baja; and to then resell the individual pills on the street for profit and financial gain;

2. It was further the object of this conspiracy to conduct all transactions in cash and to hide and conceal, and cause to be hidden and concealed, the object of the conspiracy and the acts committed in furtherance thereof, by not reporting the profits on tax returns submitted to the Puerto Rico Department of Treasury.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objective of the conspiracy:

1.  During the course of this conspiracy, defendant **[1] Reynaldo LANDRON-CLASS** obtained two thousand seven hundred (2700) or more prescriptions of oxycodone, in his name and those of his co-conspirators, from a medical doctor and caused the same to be dispensed at various pharmacies.

## COUNT TWO
### (Conspiracy to Possess with intent to Distribute and Dispense Controlled Substances)
### Title 21, United States Code, Section 841(a)(1)

From on or about and between January, 2005, and September 4, 2007, in the District of Puerto Rico and within the jurisdiction of this Court,

**[2] Myriam Daisy PEREZ-PEREZ,**

the defendant herein, did knowingly and intentionally conspire, confederate, and agree with others known and unknown to the Grand Jury, to possess with the intent to distribute and dispense two hundred thirty point eighty-six (230.86) kilograms (gross weight) or more of a mixture or substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

## OBJECT OF THE CONSPIRACY

1.  The object of the conspiracy was to obtain multiple prescriptions for controlled substances under different names, some real and some fictitious; to then fill these prescriptions at three particular pharmacies, two located in Caguas and one located in Toa Baja; and to then resell the individual pills on the street for profit and financial gain;

2. It was further the object of this conspiracy to conduct all transactions in cash and to hide and conceal, and cause to be hidden and concealed, the object of the conspiracy and the acts committed in furtherance thereof, by not reporting the profits on tax returns submitted to the Puerto Rico Department of Treasury.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objective of the conspiracy:

1. During the course of the conspiracy, **[2] Myriam Daisy PEREZ-PEREZ**, owner and sole registered pharmacist of Farmacia Bonneville, filled fourteen thousand two hundred seven (14,207) oxycodone prescriptions written by the same medical practitioner.

## COUNT THREE
### (Conspiracy to Possess with Intent to Distribute and Dispense Controlled Substances)
### Title 21, United States Code, Section 846

From on or about and between January, 2005, through September 4, 2007, in the District of Puerto Rico and within the jurisdiction of this Court,

**[1] Reynaldo LANDRON-CLASS, and**
**[2] Myriam Daisy PEREZ-PEREZ,**

the defendants herein, did knowingly and intentionally conspire, confederate, and agree with others known and unknown to the Grand Jury, to possess with the intent to distribute and dispense six point sixty-four (6.64) kilograms (gross weight) or more of a mixture or substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

## OBJECT OF THE CONSPIRACY

1. The object of the conspiracy was to obtain multiple prescriptions for controlled substances under different names, some real and some fictitious; to then fill these prescriptions at three particular pharmacies, two located in Caguas and one located in Toa Baja; and to then resell the individual pills on the street for profit and financial gain;

2. It was further the object of this conspiracy to conduct all transactions in cash and to hide and conceal, and cause to be hidden and concealed, the object of the conspiracy and the acts committed in furtherance thereof, by not reporting the profits on tax returns submitted to the Puerto Rico Department of Treasury.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objective of the conspiracy:

1. During the course of this conspiracy, defendant **[1] Reynaldo LANDRON-CLASS** obtained two thousand seven hundred (2700) or more prescriptions of oxycodone, in his name and those of his co-conspirators, from a medical doctor and caused at least four hundred nine (409) to be dispensed at Farmacia Bonneville;

2. During the course of the conspiracy, **[2] Myriam Daisy PEREZ-PEREZ**, owner and sole registered pharmacist of Farmacia Bonneville, filled four hundred nine (409) oxycodone prescriptions written by a medical doctor to defendant **[1] Reynaldo LANDRON-CLASS** and his con-conspirators.

## COUNT FOUR
### (Forfeiture Allegation)
### Title 21, United States Code, Sections 853 and 881

1. The allegations contained in Counts One and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853;

2. Upon conviction of the offense[s] in violation of Title 21, United States Code, Sections 841 and 846, alleged in Counts One and Three of this Indictment, the defendant

**[1] Reynaldo LANDRON-CLASS,**

shall forfeit to the United States pursuant to Title 21, United States Code, Sections 853(a)(1), (2), and 881:

   a. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense[s]; and,

   b. Any property, real or personal, used or intended to be used, to commit or to promote the commission of the offense[s].

The property to be forfeited includes:

   c. six hundred eighty-four thousand dollars ($684,000.00) United States Currency;

**Substitute Assets:**

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of this court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute assets under the provisions of Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code, Section 1467(b) and Title 28, United States Code, Section 2461(c), including but not limited to the following:

**Carr 823, KM 2.0, Barrio Quebrada Arenas, Toa Alta, Puerto Rico**
PARCELA: Predio de terreno radicado en el Barrio Quebrada Arenas del término municipal de Toa Alta, Puerto Rico, con una cabida superficial de nueve mil seiscientos dieciocho diez milésimas de cuerda (0.9618), equivalentes a tres mil setecientos ochenta metros cuadrados con dos mil novecientos veintinueve diez milésimas de otro (3,780.2929 mc) que colinda al Norte, con la Parcela "E" de la finca principal de la cual se segrega; al Sur, con la Parcela "D" de la finca principal de la cual se segrega; al Oeste, con terrenos de Trinidad Pérez Dávila; y al Este, con la faja de terreno de uso público que lo separa de la finca de la cual se segrega.

Inscrita a favor de Rafael Antonio Nieves Meléndez, según conforme en el Tomo 163, Folio 81, Finca número 8747 de Toa Alta..

## COUNT FIVE
### (Forfeiture Allegation)
### Title 21, United States Code, Sections 853 and 881

1. The allegations contained in Counts Two and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853;

2. Upon conviction of the offense[s] in violation of Title 21, United States Code, Sections 841 and 846, alleged in Counts Two and Three of this Indictment, the defendant

**[2] Myriam Daisy PEREZ-PEREZ,**

shall forfeit to the United States pursuant to Title 21, United States Code, Sections 853(a)(1), (2), and 881:

a. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense[s]; and,

b. Any property, real or personal, used or intended to be used, to commit or to promote the commission of the offense[s].

The property to be forfeited includes:

c. three hundred fifty-five thousand one hundred seventy-five dollars ($355,175.00) United States Currency;

d. DEA Registration AF2540688 of Farmacia Bonneville; and

e. Farmacia Bonneville, Ave. Degetau, A-17, Caguas, Puerto Rico

Urbana: Solar número 17-A de la Urb. Bonneville Heights, radicada en el Barrio Cañabón de Caguas, que colinda al Norte en 20.17 metros con la calle Degetau; al Sur en 500 metros con la calle 3; al Este en 25.102 metros con el solar número 16-A; al Oeste en 28.859 metros con el solar número 18-A.

Inscrita a favor de Agustín Ríos Ramos and Myriam D. Pérez-Pérez, según consta en el Tomo 544, Folio 70, Finca número 17,780, de Caguas.

**Substitute Assets:**

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon exercise of due diligence;

b. has been transferred, sold to, or deposited with a third party;

c. has been placed beyond the jurisdiction of this court;

d. has been substantially diminished in value; or,

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute assets under the provisions of Title 21, United States Code, Section 853(p), incorporated by Title 18, United States Code,

**INDICTMENT**
United States v. [1] Reynaldo LANDRON-CLASS and [2] Miriam Daisy PEREZ-PEREZ
Page 9 of 9

Section 1467(b) and Title 28, United States Code, Section 2461(c), including but not limited to:

Farmacia Bonneville, Ave. Degetau, A-17, Caguas, Puerto Rico
Urbana: Solar número 17-A de la Urb. Bonneville Heights, radicada en el Barrio Cañabón de Caguas, que colinda al Norte en 20.17 metros con la calle Degetau; al Sur en 500 metros con la calle 3; al Este en 25.102 metros con el solar número 16-A; al Oeste en 28.859 metros con el solar número 18-A.

Inscrita a favor de Agustín Ríos Ramos and Myriam D. Pérez-Pérez, según consta en el Tomo 544, Folio 70, Finca número 17,780, de Caguas.

**TRUE BILL**

FOREPERSON

Dated: 09/30/09

**ROSA EMILIA RODRIGUEZ-VELEZ**
United States Attorney

Jose Ruiz-Santiago
Assistant United States Attorney
Chief, Criminal Division

Date: 9/30/09

Scott Anderson
Assistant United States Attorney

Date: 9/30/09