TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

---

FROM: 10579062
TO:
SUBJECT: MTN_3582LandronBrf
DATE: 03/10/2020 02:32:10 PM

\*     UNITED STATES DISTRICT COURT
       DISTRICT OF PUERTO RICO

UNITED STATES                                                  PLAINTIFF

V.    CASE NO. 3:09-CR-391-01 FAB

REYNALDO LANDRON-CLASS, 30575-069                              DEFENDANT

BRIEF IN SUPPORT OF LANDRON-CLASS' MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 USC 3582(c)(1)

Comes now Defendant Reynaldo Landron-Class (Defendant) and for his brief in support of motion states:

Defendant sent his motion previously. Due to a combination of issues including but not limited to a language barrier, Defendant neglected to include a brief in support of his motion when filed. For this oversight Defendant would profusely apologize. Defendant did not do this for unfair advantage. Defendant is willing to concede that the filing date for the motion should be when this brief is filed by the clerk, since the government needs this information in order to fully and fairly respond. Defendant is willing to allow the government whatever additional time (within reason) that it needs in order to avail itself of due process, by motion, or SUA SPONTE by the court or clerk.

Defendant is alleging "extraordinary and compelling" circumstances, which he believes should entitle him to a reduction of his sentence. "Reduction" should be construed to include a reduction of his SECURITY LEVEL, a reduction of the total months of sentence, or some combination thereof.

The possibility of sentence reductions on a DEFENDANT'S motion is a recent development. Two schools of thought have developed. Some say that the Sentencing Guideline materials from prior to the First Step Act of 2018 (FSA) are binding. Other courts say that the pre FSA Guidelines are helpful guidance but not conclusive, in light of the statutory changes. The district judge in US v. SCHMITT, 2020 US Dist Lexis 2832 (ND Iowa 1-8-2020) collects cases from both approaches, and adopts the position that the pre FSA Guidelines are helpful guidance but not conclusive. Defendant of course urges this Court to follow the holding of SCHMITT.

Defendant understands and accepts the fact that he was sentenced to a fixed amount of prison time, and that prison is not pleasant. Defendant DOES NOT accept the idea that prison involves any gratuitous infliction of pain or suffering. Prison inmates are entitled to a suitable diet, adequate bedding consistent with any medical conditions, water, sanitary facilities, etc. Persons are sent to prison AS punishment, not FOR punishment. BATTLE V. ANDERSON, 564 F.2d 388, 395 (10th Cir. 1977).

Prison inmates are also entitled to fair and reasonable calculation of their sentences, and to reduction of their security levels consistent with Congressional intent. Congress has formally expressed its intent in the FSA. That intent INCLUDES but is not limited to an allowance of 15 days per month of "time credits" for inmates who "program" and who don't increase their risk of recidivism. This is not a reduction of the sentence PER SE. This is additional time to be spent in halfway house, home confinement, or additional supervised release to be served before the supervised release in the judgment and commitment order. Part of the reason for this additional time in reduced security confinement is to improve re-integration and reduce recidivism.

Defendant's Good Conduct Time (GCT) is currently 8-30-22. One year of halfway house would put him in halfway house 8-30-2021. Federal Correctional Complex (FCC) Yazoo City personnel admit that Defendant has earned and continues to earn FSA "time credit." Mtn Para. # 11. Because the effective date of the FSA is 12-21-2018, Defendant will have earned 11 months of "time credits" as of 10-20-2020. At that date, Defendant will have more than enough halfway house and FSA credit to qualify for halfway house, home confinement, or additional supervised release.

However, FCC Yazoo City has taken the position that inmates should not get more than 1 year of A COMBINATION OF pre-FSA halfway house AND FSA "time credits." In other words, an inmate such as Defendant, who would logically get a year of halfway house pre-FSA gets NOTHING AT ALL from the FSA.

Case 3:09-cr-00329-FAB-JA   Document 320   Filed 03/16/20   Page 2 of 3

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A
--------------------------------------------------------------------------------

This is contrary to the express language of 18 USC 3632(d)(6), which says "The incentives described in this subsection shall be in addition to any other rewards or incentives for which a prisoner may be eligible."

Furthermore, FCC Yazoo City only recently took this strained approach. At first, FCC Yazoo City would not even give inmates the 7 extra days per year OF SENTENCE, whereby GCT went from 47 days per year of sentence to 54 days per year of sentence. Afterward, FCC Yazoo City made no pretense or claim of giving anyone "time credits" under the FSA. It is abundantly clear that FCC Yazoo City's DE FACTO strategy of limiting inmates to one year AGGREGATE time in halfway house, home confinement, and additional supervised release, is simply a new rationale to support an old policy.

Furthermore, FCC Yazoo City has demonstrated its scofflaw attitude in other ways as well. The FSA provided that the monthly phone limit raised from 300 to 510 minutes. 18 USC 3632(d)(1)(A). That's an easy fix, but they won't do it.

The FSA provides for increased commissary options. 18 USC 3632(d)(3). We have not had any increased commissary options. Indeed, the Trust Fund Manual, Program Statement (PS) 4500.12 (3.3)(g.) says that inmates cannot buy bedding/linen. The things most necessary to maintain our health and bodily integrity are unavailable AT ANY PRICE. Once again, this is an easy fix, which the DOJ-FBOP refuses to effectuate.

The DOJ-FBOP has worked hard at wrecking Defendant's back. It makes absolutely no sense to utilize tiny mats, 25" X 78" X 4," with embedded pillows. They can't be flipped, either by turning them over or by changing ends. The pillow can't be removed, on pain of a "shot" and the loss of 27 days GCT, a trip to SHU (Special Housing Unit, or jail for the prison) and loss of privileges. The inmate has to sleep in the same position on a tiny mat, which very quickly develops a depression in the middle. The pillow and the other end of the mat stay the same. The inmate is forced to sleep, night after night, on a bed that any orthopedic doctor would summarily condemn to the dumpster.

This costs drastically more PER UNIT OF USE than a decent single size mattress and box springs and pillow, because of the drastically shorter life of the mats. Its not like the DOJ-FBOP generally simply refuses to use mattresses and box springs - they do, at some facilities. Unicor, the prison industries company, makes such mattresses. They make pillows. We just can't have any.

Congress passed 28 USC 994(g), which provides:

> (g)  The Commission, in promulgating guidelines pursuant to subsection (a)(1)... shall take into account
> the nature and capacity of the penal, correctional, and other facilities and services available, and shall
> make recommendations concerning any change or expansion in the nature or capacity of such facilities
> and services that might become necessary as a result of the guidelines promulgated pursuant to the
> provisions of this chapter [...]. The sentencing guidelines prescribed under this chapter... shall be
> formulated to minimize the likelihood that the Federal prison population will exceed the capacity
> of the Federal prisons, as determined by the Commission.

It is an open secret that the federal prisons remain seriously overcrowded, despite a series of (mostly anemic) efforts to reduce the prison population. Furthermore, one cannot with the slightest credibility say that dental services are in adequate supply, when the list for ROUTINE dental care is over 5 years long. Maintaining a list of this length guarantees that the mostly black, brown, and socially disadvantaged population of federal prisons will get their teeth shelled out by policies that put their health and bodily wholeness at the bottom of the priority list. Medical care lists are similar, but it is harder to put a specific timeframe on any given list.

If Plaintiff got nothing more than the "time credits" that Congress verily expected him to get, he would be in halfway house NO LATER THAN 10-20-20. That should be the minimum that Defendant gets from this motion. It is certain that the DOJ-FBOP won't provide such accommodation on its own initiative. Indeed, one of the favorite tactics of FCC Yazoo City is to wait until the last minute to submit the halfway house packet, then put erroneous information into it, so it gets rejected and returned. They engineer strategies designed to cut halfway house to the bare minimum.

All the efforts thus far, by the US Sentencing Commission, haven't achieved substantial compliance with the stated policy goals of Congress set forth in 28 USC 994(g). The Executive Branch has exhibited stubborn recalcitrance to the expressed will of Congress. Now is an appropriate time for the third branch of government to have its proper say, in this proceeding.

FCC Yazoo City is cheating its inmates of the benefit of the laws, on the theory that most of them will bite their tongue and take it, for lack of adequate legal assistance, fear of retaliation, etc. FCC Yazoo City is systematically depriving most inmates of their

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

---

legal rights, as a calculated strategy. Therefore, courts should issue decisions that make it clear that contumacity indicative of bad faith will result in rulings sufficiently generous to incentivize compliance with the law.

Defendant would be most pleased if the government responded by saying that it had no intention to deprive inmates of decent bedding, and that inmates with medical conditions will be allowed to buy and use a quality, single size, mattress, box springs, and pillow, posthaste. Defendant would be most pleased if the government announced in its responsive pleading that all inmates will immediately get BOTH the reasonable pre-FSA halfway house, AND the "time credits" provided for by the FSA. Defendant would be most pleased if the government promised to promptly, fully, and fairly comply with the Congressional mandate with respect to monthly phone time, increased commissary options based on inmate interest, etc. Defendant would be most pleased if the government stated, in writing, that the donations offered by Oscar Stilley will be promptly accepted and allowed into the prison for the use of federal inmates. Mtn para. 36. If FCC Yazoo City is committed to full and fair compliance with the FSA, as to all inmates, show the Court in an unambiguous way.

In SCHMITT, the Court reduced the sentence to time served, with the judgment stayed for 10 days to allow the DOJ-FBOP time to get the movant ready to depart prison. Defendant respectfully submits that the same result is justified in this case.

Defendant is confident of the merits of his position, and certainly isn't trying to bet against himself. However, if Defendant is to be relegated to a substantial additional period of time in prison, he would be most grateful for any help he can get, with respect to issues of educational opportunity and human health. Defendant understands the jurisdictional limitations of the Court, in the decision of this motion. Nevertheless, the words of a District Court judge carry weight. Indeed, the American Correctional Association (ACA) has stated in the Standards for Adult Correctional Institutions, 4th Edition (Standards, 4th Ed.) at page xx, that public criticism, notoriety, and patterns of complaints is important to the ACA. Defendant thinks that FCC Yazoo City has failed ACA accreditation for at least the last accreditation cycle, if not more, but cannot get any definitive word from either FCC Yazoo City or the ACA.

For all the reasons stated, Defendant would most respectfully urge the Court to grant this motion, awarding such relief as the Court deems just and appropriate.

Respectfully submitted,

)
)
By: /s/ Reynaldo Landron-Class                    3-10-2020
Reynaldo Landron-Class                              Date
FCC Yazoo City Camp
PO Box 5000
Yazoo City, MS 39094

CERTIFICATE OF SERVICE - PRISON MAILBOX RULE

Defendant by his signature above pursuant to 28 USC 1746 declares under penalty of perjury that on the date stated above he placed a copy of this pleading in the prison outgoing mail receptacle, with sufficient 1st class postage attached, addressed to the clerk of the court for filing and service via CM/ECF.