TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

---

FROM: 10579062
TO:
SUBJECT: MTN_3582cLandronClassR
DATE: 03/05/2020 01:25:12 PM

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

UNITED STATES                                                                 PLAINTIFF

v.      Case No. 3:09-cr-329-01 FAB

REYNALDO LANDRON-CLASS, DOJ-FBOP # 30575-069                                  DEFENDANT

DEFENDANT LANDRON-CLASS' MOTION FOR SENTENCE REDUCTION
PURSUANT TO 18 USC 3582(c)(1)

Comes now Defendant Reynaldo Landron-Class (Defendant) and for his motion states as follows:

1. Defendant on 11-9-10 was sentenced to 240 months incarceration conspiracy to possess with the intent to distribute 676.5 grams of oxycodone, in violation of 21 USC 841(A)(1).

2. Defendant's sentence was later reduced to 210 months.

3. A copy of Defendant's Sentence Monitoring Computation and Data sheets is attached hereto, marked Exhibit "1." All attached documents are incorporated herein as if set forth word for word. As shown by this document, Defendant's current Good Conduct Time (GCT) release date is 8-30-2022.

4. On 12-21-18, Congress passed the First Step Act of 2018, providing for "time credits" for inmates who "program," a term which includes educational, work related, and other beneficial activities.

5. These amounts per month include 10 days per month for programming, and 5 additional days per month for not increasing the inmate's risk of recidivism, for a total of 15 days per month.

6. Defendant has not increased his risk of recidivism.

7. By not increasing his risk of recidivism, Defendant has earned entitlement to 5 days per month of "time credits."

8. Also as part of the FSA, Congress has provided, in 18 USC 3582(c)(1)(A)(i), that a district court may reduce a sentence for "extraordinary and compelling reasons."

9. Defendant has not had any "shots" (formal disciplinary incident reports) save and except one for sleeping on a made bed in the daytime, while Defendant was sick, and another for allegedly "stealing" certain property (articles of donated clothing) from his Unicor job. The shot for sleeping was remanded by Regional by order dated 10-24-19, for reconsideration which FCC (Federal Correctional Complex) Yazoo City refuses to do in good faith. The shot for "stealing" is currently on appeal.

10. Defendant has engaged in extensive programming. A copy of an official list of Defendant's educational programming is attached hereto as Exhibit "2."

11. Official policy of the Department of Justice-Federal Bureau of Prisons (DOJ-FBOP) also generally treats working at a regular job as programming. Defendant has recently inquired of prison personnel, who have told him that he qualifies for FSA credit.

12. Defendant should be treated as qualifying for FSA credit at a total rate of 15 days per month.

13. Defendant's shot for stealing clothing, which he allegedly sent home to his children, is altogether meritless. Indeed, the FCC Yazoo City mailroom is notorious for stealing mail matter from inmates, and retaliating against inmates who complain. By way of examples and not limitation, every single Christmas card over the 2019 holiday season was stolen, without so much as a pretense of compliance with the requirements of due process set forth in the US Constitution or in the DOJ-FBOP Program

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

------------------------------------------------------------------------

Statements. Two Ibico combs were recently stolen from legal material mailed to Oscar Stilley, a matter discussed further hereinafter.

14. Defendant has filed all the administrative remedy requests required under the provisions of 18 USC 3582(c)(1). Specifically, this provision provides that if a request is made to the warden, and the warden fails to respond within 30 days, the inmate may seek redress in district court by way of motion.

15. Defendant submitted documentation of attempt to informally resolve, known as a BP8, to the appropriate authorities of the DOJ-FBOP. See Exhibit "3." This was returned to the counselor 12-24-19. The finalized document was not returned until 2-27-2020, more than 2 months later. This is well over the 20 days that is presumptively reasonable pursuant to Program Statement 1330.18 (8.) "Initial Filing."

16. Defendant filed his BP9 on 2-4-2020, having despaired of getting the BP8 completed and returned in a timely fashion. A BP9 is the officially recognized form for requesting an administrative remedy from the warden of the institution. A copy of Defendant's BP9 is attached hereto as Exhibit "4."

17. The Warden has not responded, despite the lapse of the 30 days provided for in 18 USC 3582(c)(1)(A). Defendant waited for the full 30 days before filing this motion. Therefore Defendant has exhausted all administrative remedies required by the law, predicate to a motion for judicial relief.

18. FCC Yazoo City Complex has evaded the salutary letter and intent of Congress in passing the First Step Act of 2018, (FSA) in many ways including without limitation the following. The extra 7 days of Good Conduct Time (GCT) were denied until 7-19-19, on a strained interpretation of the law with respect to the effective date of the FSA. Since that time, FCC Yazoo City has routinely feigned ignorance of the failure to update the GCT records, then used that "error" to engineer delays in the completion of halfway house paperwork, thus giving inmates far less halfway house than their own personnel deemed appropriate. Now, FCC Yazoo City claims to be giving FSA "time credits" but limits the AGGREGATE of reduced security confinement to 1 year. By so doing FCC Yazoo City renders the FSA a nullity with respect to inmates, such as Defendant, who should have gotten a year of halfway house pre-FSA.

19. FCC Yazoo City does not have LAWFUL discretion to arbitrarily limit "time credits" and pre-FSA halfway house to an aggregate of one year. In many cases, for example in those cases in which the inmate completes a "drug program" and therefore is entitled to a full year of halfway house, the FSA provision for extra "time credits" would be rendered a complete nullity, by a limitation of 1 year aggregate, for reduced security confinement.

20. Defendant has suffered from serious digestive problems, for which the DOJ-FBOP has provided inadequate care. Defendant attaches one page of his medical records, indicating that he should get a special diet. Exhibit "5." Defendant has not received the special diet required.

21. Defendant has a serious and well documented back condition, requiring a medically suitable mattress. This condition has been well known to the DOJ-FBOP. See e.g. Exhibit "6," consisting of the Central Office decision in Administrative Remedy No. 795751-A1. Therein, it is admitted that when Defendant was evaluated by Orthopedics on August 7, 2009, the medical professionals recommended an orthopedic mattress. Defendant was at the time provided a platform bed.

22. Despite this condition, and the energetic pursuit of administrative remedies, Defendant is now relegated to an overpriced piece of garbage with an "incorporated pillow." This amounts to utter contempt for the official opinions of the responsible medical professionals.

23. This incorporated pillow not only hurts Defendant's neck, it also prevents Defendant from turning the mat over or switching ends periodically, to equalize wear.

24. The mats Defendant is forced to use cost far more per unit of use than Unicor (federal prison industries) mattresses and box springs, or the products of reputable mattress manufacturers.

25. Defendant is threatened with a "shot" and loss of GCT, if he attempts to modify the mat in any way, in order to make it more tolerable or alleviate his serious, medically documented, chronic back pain in any way.

26. Defendant suffers serious and chronic back pain, due in large part to DOJ-FBOP's denial of access to even basic, competent bedding.

2

TRULINCS 10579062 - STILLEY, OSCAR AMOS - Unit: YAZ-G-A

------------------------------------------------------------------------

27. The DOJ-FBOP has a continuing duty to provide timely and sufficient medical and dental care.

28. In fact, the DOJ-FBOP has dental backlogs admittedly more than 5 years long, resulting in the loss of many salvageable teeth.

29. Medical backlogs vary by condition treated. For many conditions, backlogs are as long or longer than dental backlogs.

30. The payment of "bonuses" to DOJ-FBOP personnel has been widely reported, including by an article in USA Today.

31. The DOJ-FBOP virtually never provides medical care for back problems.

32. Furthermore, the DOJ-FBOP habitually ignores medical prescriptions or other orders for medically indicated bedding for persons with serious spinal conditions.

33. This prison administration has exhibited extreme hostility to educational opportunity, to the point of putting Oscar Stilley in SHU (Special Housing Unit, or jail for the prison) from 12-6-19 through 12-12-19 for having offered to DONATE office supplies, to make up for 2 Ibico combs that were stolen from Stilley by mailroom personnel, from certain legal material mailed to him by a friend.

34. Amongst the many tricks used by this prison administration to obstruct educational opportunity, copy and print cartridges are deliberately short stocked, so that when the cartridge runs out, the machine can be left inoperable, often for weeks, on the pretense that the administration didn't know to maintain a stock of consumables for office equipment.

35. Oscar Stilley and others have made repeated polite request to the proper authorities, that supplies be stocked so as to ensure continuity of printer and copier services, without effect.

36. Oscar Stilley has also formally offered to donate computers, printers, software, supplies, etc., suitable for a prison environment. The US Attorney General acknowledges receipt of the offers, but refuses to either accept or reject the offers. See e.g. Stilley v. Barr et al, SDMS 3:19-cv-6 HTW-LRA, Docket 1-5, page 56, and Docket 1-6, pages 1-4.

37. The government should be estopped to argue or claim that Defendant isn't entitled to FSA "time credits" since the administration of the FCC Yazoo City Federal Prison Complex, at least up through and including the end of 1919, hasn't bothered to analyze the claims of any inmate, or make any individualized determinations.

38. For example, this same prison administration gave a white collar inmate named Thomas Dodd 6 months halfway house on an 18 month sentence, late in 2019.

39. This same prison administration denied Mr. Dodd any FSA "time credits" whatsoever, despite clear entitlement, and despite the fact that Mr. Dodd was a thoroughly dedicated and energetic lobbyist for his own legal rights.

WHEREFORE, Defendant requests a reduction of sentence to "time served," with an order of immediate release; for release without any supervised release to serve, based on the facts shown herein; alternatively, for a reduction in sentence of such kind (s) and amount(s) as the Court deems appropriate, to include reductions in total time, as well as reductions of security level; and for such other and further relief as may be appropriate whether or not specifically prayed.

By /s/ Reynaldo Landron-Class                      3-6-2020
Reynaldo Landron-Class                             Date
FCC Yazoo City Camp
PO Box 5000
Yazoo City, MS 39194-5000

CERTIFICATE OF SERVICE   (PRISON MAILBOX RULE)

Defendant by his signature above declares under penalty of perjury (28 USC 1746) that on the date stated above he placed a copy of this pleading in the prison outgoing mailbox, with sufficient 1st class postage attached, addressed to the clerk of the court for filing and service via CM/ECF.                 3