**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**

Plaintiff

**v.**

**REYNALDO LANDRON CLASS**

Defendant

**Criminal No. 09-329-01 (FAB)**

**MOTION IN COMPLIANCE WITH COURT ORDER**
**AT DOCKET NUMBERS 327 and 328**

**TO THE HONORABLE FRANCISCO A. BESOSA**
**SENIOR UNITED STATES DISTRICT JUDGE**
**FOR THE DISTRICT OF PUERTO RICO**

Supervisory U.S. Probation Officer Eddebbie L. Cofresí respectfully submits and requests as follows:

On July 28, 2020, the Court ordered the US Probation Office to respond to Mr. Landrón's motions at Docket Nos. 322 and 326.

On March 16, 2020, Mr. Landrón filed a pro se motion (Docket #322) requesting a reduction in sentence pursuant to Title 18, U.S.C. Section 3582(c)(1). In Docket 326, he submits a correction of his current address and requests a ruling for the motion previously filed.

Mr. Landrón Class requests a reduction in sentence pursuant to the provisions of the First Step Act of 2018. He indicates he is entitled to additional good time credit and has extraordinary and compelling reasons to support his request.

Pursuant to Title 18, §3582(c)(1)(A), compassionate release under certain specified circumstances is authorized. However, the requirements include that: 1) The inmate must file an administrative petition with the Bureau of Prisons and that after 30 days, is either unanswered or rejected. 2) The court must conclude that "extraordinary and compelling reasons warrant" a reduction in sentence and that such reduction is consistent with the applicable U.S. Sentencing Commission's policy statements, Guideline § 1B1.13. 3) He is not a danger to others or the community, and 4) a reduction is consistent with the factors set forth in section 3553(a).

Pursuant to Title 18, U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, the Court, upon motion of the Director of the U.S. Bureau of Prisons (BOP), or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment).

Mr. Landrón submitted a compassionate release petition to the BOP Warden, which according to BOP report was rejected as of July

10, 2020. The Probation Officer is pending to confirm the status of any pending appeal.

Mr. Landrón must demonstrate that extraordinary and compelling reasons support his request for release. USSG §1B1.13 App. Note 1 states that extraordinary and compelling reasons exist if the defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of life trajectory); a specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required; the defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he/she is not expected to recover. The defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75% of his/her term of imprisonment, whichever is less. The death or incapacitation of the caregiver of the defendant's minor child or children. The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner; or other reasons, as determined by the Director of the BOP.

Mr. Landrón states he suffers from serious digestive problems and a well-documented back condition. According to the information obtained from the BOP Sentry records, Mr. Landrón does not suffer from a terminal illness and is not requesting release to serve as a caregiver for a minor child or an incapacitated spouse. He does have serious medical conditions, for which he is receiving medical care provided by BOP.

The defendant must demonstrate that he is not a danger to the safety of any other person or to the community, in accordance with Title 18, U.S.C. § 3142(g) and that a sentence reduction is consistent with the factors set forth in Title 18, U.S.C. § 3553(a).

In this case, the defendant was found guilty for the conspiracy to possess with the intent to distribute 676.50 grams of Oxycodone. According to the evidence, he would obtain prescriptions of Oxycodone, in his name and those of his co-conspirators, from a medical doctor and caused the same to be dispensed at various pharmacies. The pills would be later sold individually on the streets for profit and financial gain. He was depicted as an organizer of a criminal activity which involved five or more participants.

Finally, on March 26, 2020, the Attorney General directed the Director of the Bureau of Prisons, upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. That authority includes the ability to place an inmate in home confinement

during the last six months or 10% of a sentence, whichever is shorter, *see* 18 U.S.C. § 3624(c)(2), and to move to home confinement those elderly and terminally ill inmates specified in 34 U.S.C. § 60541(g).

According to BOP, inmates who successfully complete recidivism reduction programming and productive activities can earn time credits that will qualify for placement in prerelease custody. Mr. Landrón has completed several educational courses and is pending appeal for a disciplinary sanction. As of today, taking into consideration the good time credit computations made by BOP, Mr. Landrón's projected release date is August 30, 2022. As such, based on the above-mentioned, he is not eligible for release on Home Confinement.

**WHEREFORE,** in view of these circumstances, the U.S. Probation Officer respectfully submits the above-mentioned information for the Court's perusal.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record, and by regular mail to Mr. Landrón.

In San Juan, Puerto Rico, August 11, 2020.

Respectfully submitted,
LUIS O. ENCARNACIÓN-CANALES, CHIEF
U.S. PROBATION OFFICER

*s/ Eddebbie L. Cofresi*

Eddebbie L. Cofresi
Sup. U.S. Probation Officer
U.S. Federal Bldg. & Courthouse
150 Carlos Chardón Ave., Ste.225
225 San Juan, P.R. 00918-1741
Tel. 787-281-4994
Eddebbie_cofresi@prp.uscourts.gov