IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **REYNALDO LANDRON-CLASS,** Defendant. | Crim. No. 09 - 329 (FAB) |

## UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states as follows:

Defendant Reynaldo Landron-Class is currently serving a 210-month sentence for his conviction under 21 U.S.C. § 841 and 846 at Yazoo City Low FCI with a projected release date of August 30, 2022. He seeks relief pursuant to 18 U.S.C. § 3582(c)(1). (ECF Nos. 320 and 322). For the reasons discussed below, the Court should deny Defendant's motion.

**I.      FACTUAL BACKGROUND**

Defendant was initially charged with violations of 21 U.S.C. §§ 841(a)(1) and 846 – conspiracy to possess with intent to distribute and dispense controlled substances. (ECF No. 1). On June 7, 2010, Defendant was found guilty after trial. (ECF No. 203).

On November 9, 2010, the Court sentenced Defendant to 240 months imprisonment to be followed by three years of supervised release. (ECF. No. 231). On the same day the Court entered judgment. (ECF No. 237). On September 7, 2016, Defendant's sentenced was reduced to 210 months. (ECF No. 313).

Defendant is 50 years and presently serving his sentence at Yazoo City Low FCI in Mississippi where he receives chronic care treatment for a variety of medical conditions. Defendant has failed to provide any supporting documentation of his conditions.

## II. ARGUMENT

### A. Defendant has not sought administrative remedies.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Once a district court has pronounced sentence and the sentence becomes final, the court has no inherent authority to reconsider or alter that sentence. Rather, it may do so only pursuant to statutory authorization. *See, e.g.*, *United States v. Addonizio*, 442 U.S. 178, 189 & n.16 (1979); *United States v. Washington*, 549 F.3d 905, 917 (3d Cir. 2008); *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.") (internal quotation marks omitted).

18 U.S.C. § 3582(c) provides narrow exceptions to the rule of finality, only the first of which is relevant here. 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part that the court "may not modify a term of imprisonment once it has been imposed except" upon a defendant's motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," where such a reduction also meets other specified requirements.

**UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582**
*United States v. REYNALDO LANDRON-CLASS*
Crim. No. 09 – 391 (FAB)
Page 3 of 10

Unless Defendant meets these administrative exhaustion requirements, this Court lacks jurisdiction to modify his sentence. Section 3582(c) states that a "court may not modify" a term of imprisonment except in enumerated circumstances. It thus "speak[s] to the power of the court rather than to the rights or obligations of the parties," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) (citation omitted), delineating "when, and under what conditions," a court may exercise its "'adjudicatory authority,'" *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007) (quoting *Eberhart v. United States*, 546 U.S. 12, 16 (2005) (per curiam)).

Even if the exhaustion requirement of Section 3582(c)(1)(A) were not jurisdictional, it is at least a mandatory claim-processing rule and must be enforced if a party "properly raise[s]" it. *Eberhart*, 546 U.S. at 19 (holding that Fed. R. Crim. P. 33, which permits a defendant to move for a new trial within 14 days of the verdict, is a non-jurisdictional but mandatory claim-processing rule).

To exhaust an inmate's administrative remedies, he or she must initiate a request in writing to the Warden detailing "the extraordinary or compelling circumstances that the inmate believes warrant consideration" and the inmate's "proposed release plans" with several necessary details. 28 C.F.R. § 571.61 (implementing Section 3582(c)(1)(A)). BOP's Program Statement sets forth procedures for implementing Section 3582 states: "A request for a RIS is considered 'submitted' for the purposes of 18 U.S.C. § 3582(c)(1), when received by the Warden in accordance with this section." *See* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. Then, the inmate must either wait 30 days to appeal to this Court or exhaust two additional internal levels of appeal within the agency under 28 C.F.R. § 542.15(a).

Here, Defendant has failed to provide any evidence that he has met the administrative exhaustion requirements of Section 3582(c)(1)(A). There is no indication that he filed an administrative request for compassionate release to the warden at Yazoo City Low. In fact, as confirmed to the Government by Legal Counsel at Yazoo City, Defendant has not exhausted his administrative remedies.

While *judicially*-created exhaustion requirements may sometimes be excused by judge-created exceptions, it is well settled that a court may not ignore a *statutory* command such as that presented in Section 3582(c)(1)(A). *Shaw v. Bank of America Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[T]the Supreme Court has made clear that if exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one—'[t]he requirement is . . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 755 (1975)). *See also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (emphasizing point that courts "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). The Supreme Court reaffirmed the principle in *Ross v. Blake*, 136 S. Ct. 1850 (2016), in which the Court rejected a judicially created "special circumstances" exception to the exhaustion requirement stated in the Prison Litigation Reform Act of 1995 (PLRA), and instead demanded fidelity to the statutory text, explaining that the "mandatory language" of the exhaustion requirement "means a court may not excuse a failure to exhaust" even to accommodate exceptional circumstances, *id.* at 1856.

Not only does giving the BOP a first chance to evaluate any motion for early release

**UNITED STATES OF AMERICA'S  OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582**
*United States v. REYNALDO LANDRON-CLASS*
Crim. No. 09 – 391 (FAB)
Page 5 of 10

under Section 3582(c)(1)(A) required, it is good policy.  The Bureau of Prisons conducts an extensive assessment for such requests.  *See* 28 C.F.R. § 571.62(a); BOP Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g).  As the Procedures reflect, BOP completes a diligent and thorough review, with considerable expertise concerning both the inmate and the conditions of confinement.  BOP is better situated[1] than the courts to make an initial evaluation of defendants' requests for early release for it maintains defendants' relevant medical and behavioral records, and has expertise in assessing the safety and health of their inmates and managing the administration of their facilities.

    B. **Reduction of Defendant's sentence is not warranted.**

This Court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the Court "finds that" either "extraordinary and compelling reasons warrant such a reduction," or the defendant is at least 70 years old and has served at least 30 years in prison, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[2]

---

[1] Until the First Step Act's recent enactment, the BOP had exclusive authority to adjudicate such claims.  Notably, the First Step Act did not change the factors relevant to whether and how the Court should modify a defendant's sentence, only the procedures by which a defendant can raise such claims.  *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).

[2] Congress explicitly gave authority to the Sentencing Commission to further describe what conduct would authorize a court to order a compassionate release. Specifically, 28 U.S.C. § 994(t) states that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A), "including the criteria to be applied and a list of specific examples."  The statute also states that "[r]ehabilitation of the

Case 3:09-cr-00329-FAB-JA   Document 333   Filed 08/14/20   Page 6 of 10

**UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582**
*United States v. REYNALDO LANDRON-CLASS*
Crim. No. 09 – 391 (FAB)
Page 6 of 10

The pertinent policy statement is set forth at United States Sentencing Guidelines (USSG) § 1B1.13. It prohibits this Court from reducing a defendant's sentence unless the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[3]

The Sentencing Commission also provided explicit examples of what constitutes an "extraordinary and compelling circumstance":

(A) **Medical Condition of the Defendant.**—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

---

defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t).

[3] While district courts disagree about whether the First Step Act alters the binding nature of USSG § 1B1.13, "the limited statutory exceptions to the general rule of finality of judgment" counsels in favor of following the Sentencing Commission's guidance, as one judge of this Court recently did when faced with a similar motion. *Eberhart*, 2020 WL 1450745, at *2; *see also United States v. Willingham*, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) (collecting cases).

UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582
*United States v. REYNALDO LANDRON-CLASS*
Crim. No. 09 – 391 (FAB)
Page 7 of 10

    (B)    **Age of the Defendant** — The Defendant is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the ageing process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment; whichever is less.

    (C)    **Family Circumstances.** —

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or the registered partner.

USSG § 1B1.13 cmt. n.1.[4]

Thus, in order to qualify for a reduction in sentence after having exhausted his or her administrative remedies with the Bureau of Prisons, a defendant must be able to demonstrate one of the listed reasons in (A)–(C) above. *See United States v. Shields*, 2019 WL 2645028, at *2 (N.D. Cal. June 27, 2019). Defendant bears the burden to show special circumstances meeting the high bar set by Congress and the Sentencing Commission for compassionate release to be granted. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (holding that defendant bears the burden of establishing entitlement to sentencing

---

[4] Application Note 1(D), the final example listed by the Sentencing Commission, is inapplicable to this situation. It provides as follows: "**Other Reasons.** — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." USSG § 1B1.13 cmt. n.1. In turn, BOP promulgated Program Statement 5050.50, amended effective January 17, 2019, to set forth its own internal criteria for evaluating compassionate release requests. *See* https://www.bop.gov/policy/progstat/5050_050_EN.pdf. In this case, the Director of BOP did not identify any "extraordinary and compelling reason" under this application note[, nor was he even asked to do so].

**UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582**
United States v. REYNALDO LANDRON-CLASS
Crim. No. 09 – 391 (FAB)
Page 8 of 10

reduction and citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

For that reason, to state a cognizable basis for a sentence reduction based on a medical condition, Defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1(A). If a defendant's medical condition does not fall within one of the categories specified in the application note (and no other part of the application note applies), his motion must be denied.

Defendant's chronic but manageable underlying medical conditions, alone, do not constitute "extraordinary and compelling" circumstances. District courts addressing § 3582(c)(1)(A) claims routinely noted: "To be faithful to the statutory language requiring 'extraordinary and compelling reasons,' it is not enough that Defendant suffers from . . . chronic conditions that [he] is not expected to recover from. Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at *2–3 (E.D. Cal. Feb. 12, 2020) (rejecting a claim for compassionate release from a defendant suffering from severe back injuries and epilepsy) (quoting *United States v. Weidenhamer*, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019)). Compassionate release is "rare" and "extraordinary" and courts routinely denied such claims. *United States v. Mangarella*, 2020 WL 1291835, at *2–3 (W.D.N.C. Mar. 16, 2020) ("[A] compassionate release . . . is an extraordinary and rare event." (citation omitted)).

Case 3:09-cr-00329-FAB-JA   Document 333   Filed 08/14/20   Page 9 of 10

**UNITED STATES OF AMERICA'S  OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582**
United States v. REYNALDO LANDRON-CLASS
Crim. No. 09 – 391 (FAB)
Page 9 of 10

### C. Proper Cause of Action

The correct avenue for Defendant's argument regarding the calculation of good conduct credit, which reduces the length of his sentence, is to seek habeas relief under 28 U.S.C. § 2241.  However, that cause of action must be a court whose jurisdiction covers his place of incarceration, not before this Court.  28 U.S.C. § 2242.  *See also Rumsfeld v. Padilla*, 542 U.S. 426, 444 (2004)("[F]or core habeas petitions challenging physical confinement, jurisdiction lies in only one district:  the district of confinement.")

### III.  CONCLUSION

For the reasons stated above, the United States of America respectfully requests that this Honorable Court DENY Defendant's motion.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 14th day of June 2020,

W. STEPHEN MULDROW
United States Attorney

s/ *Scott Anderson*
Scott Anderson - G00214
Assistant U.S. Attorney
Torre Chardón, Suite 1201

Case 3:09-cr-00329-FAB-JA   Document 333   Filed 08/14/20   Page 10 of 10

**UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582**
*United States v. REYNALDO LANDRON-CLASS*
Crim. No. 09 – 391 (FAB)
Page 10 of 10

350 Carlos Chardón Street
San Juan, Puerto Rico  00918
Tel: (787)766-5656

## Certificate of Service

I HEREBY CERTIFY that on this 14th day of August, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and mailed a true and exact copy to Defendant at Yazoo City Low FCI, P.O. Box 5000, Yazoo City, MS.

s/ *Scott Anderson*
Assistant U.S. Attorney