IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>**v.**<br><br>REYNALDO LANDRÓN-CLASS [1],<br><br>**Defendant.** | **Civil No.** 09-329 (FAB) |

**OPINION AND ORDER**

BESOSA, Senior District Judge

Before the Court is defendant Reynaldo Landrón-Class ("Landrón")'s motion for a writ of error *coram nobis*. (Docket No. 351.) For the reasons set forth below, the Court **DENIES** Landrón's motion.

I.  **Factual Background**

In January 2009, Landrón was indicted on two counts for conspiracy to possess with intent to distribute and dispense controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (Counts One and Three), and one count of criminal forfeiture pursuant to 21 U.S.C. §§ 853, 881 (Count Four). (Docket No. 1.)  On March 25, 2009, the Court dismissed Count Three — one of the conspiracy counts. (Docket No. 107; Docket No. 116.)  On June 7, 2010, after a five-day jury trial, Landrón was found guilty of Count One.  The jury entered a special verdict

Criminal No. 09-329 (FAB)                                                     2

determining that Landrón derived $541,200 as proceeds from the conspiracy charged in Count One.  (Docket No. 206; Docket No. 208.)  On November 9, 2010, Landrón was sentenced to 240 months.  (Docket No. 236.)  During the sentencing hearing, the Court referenced the jury's special verdict determining that $541,200 in proceeds were derived from the conspiracy.  (Docket No. 261 at p. 44.)  In the judgment, pursuant to the government's request, the Court dismissed the criminal forfeiture charge under Count Four.  See Docket No. 236.  Landrón filed an appeal, and the First Circuit Court of Appeals affirmed his conviction and sentence.  See Docket No. 240; Docket No. 285; see United States v. Landrón-Class, 696 F.3d 62 (1st Cir. 2012).

In April 2014, Landrón filed a *habeas corpus* petition (Docket No. 289) arguing ineffective assistance of counsel, which was denied.  (Docket No. 300.)  In September 2016, the Court reduced Landrón's sentence to 210 months pursuant to Amendment 782 of the United States Sentencing Guidelines.  (Docket No. 313.)  On January 13, 2022, Landrón was released from custody and began serving his three-year term of supervised release.  (Docket No. 342.)

In May 2023, Landrón filed his first motion for writ of *coram nobis*.  (Docket No. 340.)  The Court denied his motion because he "failed to meet the three gate-keeping requirements."  (Docket

Criminal No. 09-329 (FAB)                                                     3

No. 343.)  On June 20, 2024, the First Circuit Court of Appeals affirmed on the ground that "the Court lacked jurisdiction to grant relief, petitioner not having obtained our authorization to file (in effect) his second [*habeas corpus* petition pursuant to section 2255].[1]  (Docket No. 349.)  Landrón completed his supervised release term on January 12, 2025.  (Docket No. 351-1 at p. 1.)

On August 14, 2025, Landrón filed the motion currently before the Court for writ of error *coram nobis*.  (Docket No. 351.)  The Court assigned the Federal Public Defender to represent Landrón in this matter.  (Docket No. 352.)  Landrón argues that his conviction should be vacated due to ineffective assistance of counsel, government misconduct, and errors in the forfeiture judgment.  (Docket No. 351 p. 2; Docket No. 358.)  The government opposed.  (Docket No. 355; Docket No. 360.)  Landrón replied.  (Docket No. 358.)

**II.  Legal Standard**

When a petitioner is not in custody (and thus ineligible to utilize section 2255), he may seek a writ of error *coram nobis* to correct a fundamental error of fact or law in a conviction.  See United States v. Morgan, 346 U.S. 502, 512-13 (1954).  *Coram nobis*

---

[1] At the time of his first *coram nobis* motion, Landrón was still serving his sentence and the writ of *coram nobis* is not available until after a defendant has finished serving his or her sentence.

Criminal No. 09-329 (FAB)                                                    4

is an "extraordinary remedy" that is to be granted only pursuant to remarkable circumstances. Id. at 511; see also Williams v. United States, 858 F.3d 708, 715 (1st Cir. 2017) (describing *coram nobis* as "strong medicine" to be dispensed sparingly) (internal citations omitted).

A writ of error *coram nobis* is appropriate only when a claimant: (1) adequately explains his or her failure to seek earlier relief through other means; (2) demonstrates that he or she continues to suffer significant collateral consequences from the judgment and that issuance of the writ will resolve those consequences; and (3) shows that the original judgment was based on a fundamental error. See Aceituno v. United States, 132 F.4th 563, 569 (1st Cir. 2025). Even when this 3-prong test is satisfied, the claimant must affirm that justice demands this extraordinary form of relief. See United States v. George, 676 F.3d 249, 255 (1st Cir. 2012).

**III. Discussion**

Landrón argues he was unable to seek relief from the judgment earlier because he did not have access to counsel. (Docket No. 358 at p. 3.) He claims he continues to suffer significant collateral consequences like the loss of property, professional and occupational restrictions, public stigma, and deprivation of civil rights. (Docket No. 351 at p. 1.) He also alleges various

Criminal No. 09-329 (FAB)                                            5

fundamental errors that warrant vacating his conviction: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) an error in the forfeiture judgment. (Docket No. 351; Docket No. 358.)  The Court finds that his motion lacks merit.

    **A.   Failure to Seek Relief from Other Means**

The consideration of delay by a *coram nobis* petitioner inherently includes consideration of whether the petitioner has exercised diligence.  Aceituno, 132 F.4th at 570.  Landrón claims that he was unable to challenge his conviction prior to this motion because he did not have access to legal counsel while incarcerated.  A look at the docket, however, reveals the contrary.  On November 23, 2010, Landrón appealed his conviction and sentence. (Docket No. 240.)  He was represented by the same counsel he had at trial.  See United States v. Landrón-Class, 696 F.3d 62 (1st Cir. 2012).  Landrón has only proceeded *pro se* in the civil forfeiture case,[2] his *habeas corpus* petition in 2014, and the first motion for writ of error *coram nobis*.  Despite being *pro se*, his

---

[2] Landrón was appointed counsel in the civil forfeiture case, but he moved the Court for change of counsel.  The Court refused, stating that "the court had appointed the Public Defender's Office to represent him.  However, the court will not appoint counsel of defendant's choice."  See Civil Case No. 07-1809, Docket No. 217, Docket No. 219.

"motions . . . reflect careful studying of the law, including correct citations." (Civil Case No. 14-1289;[3] Docket No. 13.)

In his previous motions, Landrón raised most of the errors he claims in the motion now before the Court, e.g. ineffective assistance of counsel, the government's failure to disclose exculpatory reports from the Drug and Enforcement Agency ("DEA"), his inability to assert property rights, and suppression of evidence. Those issues have been adequately addressed and denied by this Court. See Mala v. United States, 706 F.Supp.2d 202, 205-06 (D.P.R. Apr. 16, 2010) (Casellas, J.) (Defendant attempted to revisit issues in his motion for a writ of *coram nobis* that were previously properly addressed by the Court).

Landrón, however, claims ineffective assistance of counsel for different reasons than those he cited previously. He claims that his attorney failed to object to calls that were not used at trial, did not challenge wiretaps, disregarded the possibility of a favorable polygraph, and failed to contest the unlawful entry into his home. (Docket No. 351.) Landrón fails to explain why he did not raise these issues previously.

Landrón also fails to explain why he did not seek relief from the forfeiture judgment earlier. See George, 676 F.3d at 257

---

[3] Landrón's *habeas corpus* petition.

("[A]ppellant could not raise in his *coram nobis* petition an argument he failed to raise on direct appeal."). But, as Landrón notes, the judgment expressly dismissed the forfeiture allegation in Count Four. See Docket No. 358 at p. 4; Docket No. 237. He did not need to appeal a finding that was presumably favorable to him. But, a month after his judgment was entered, the Court entered the final forfeiture order. (Docket No. 249.) Landrón could have appealed that order, but failed to do so. He also could have raised the issue in his 2014 *habeas* petition. A petitioner may not resort to *coram nobis* merely because he failed to raise his claim in his direct appeal or his *habeas* petition, without providing an adequate explanation for such a failure. See United States v. Barret, 178 F.3d 34, 56 n.20 (1st Cir. 1999); Cruzado-Laureano v. United States, 146 F. Supp. 3d 445, 450 (D.P.R. Nov. 30, 2015) (Fusté, J.). Landrón has not adequately explained his failure to seek relief earlier. And to the extent that Landrón has raised similar issues in his direct appeal and first *habeas* petition, the Court has properly denied those claims.

Accordingly, Landrón fails to meet the first requirement to issue a writ of *coram nobis*.

    **B.    Collateral Consequences**

Landrón alleges that he continues to suffer significant collateral consequences because of his conviction, like the loss

Criminal No. 09-329 (FAB)                                                 8

of property, professional and occupational restrictions, public stigma, and deprivation of civil rights. (Docket No. 351 at p. 1.) The First Circuit Court of Appeals has clearly indicated that suffering a conviction on its own is not enough to satisfy the collateral consequences requirement. George, 676 F.3d at 256. "Something more than the stain of conviction is needed to show continuing collateral consequence." Id. at 254. His claims about public stigma and deprivation of civil rights are just that, a stain of his conviction. Next, the Court assumes that the loss of property alleged is because of the forfeiture order, but even that is not sufficient. "The weight of authority appears to hold that an ongoing financial requirement [such as a forfeiture order] does not constitute a continuing significant collateral consequence." United States v. Iacaboni, 592 F. Supp. 2d 216, 221 (D. Mass. 2009) (internal quotation marks omitted). Therefore, Landrón fails to meet the second requirement to issue a writ of *coram nobis*.

    C.    **Fundamental Errors**

The third requirement to issue a writ of *coram nobis* is that the defendant must show that the original judgment was based on a fundamental error. Errors are "fundamental" if they "render the proceeding itself irregular and invalid." Murray v. United States, 704 F.3d 23, 28 (1st Cir. 2013) (citing United States v. Mayer, 235 U.S. 55, 69 (1914)). The standard to determine whether

an error is fundamental is not precisely defined, but because *coram nobis* "lies at the far end of [the] continuum" of methods for challenging a judgment, it is a high standard. George, 676 F.3d at 258 ("The further a case progresses through the remedial steps available to a criminal defendant, the stiffer the requirements for vacating a final judgment.").

Landrón alleges three errors: (1) ineffective assistance of counsel, (2) prosecutorial misconduct and (3) an error in the forfeiture judgment. Landrón alleges his counsel failed to object to intercepted calls that were ultimately not used at trial, failed to challenge wiretaps conducted without valid court orders, disregarded the possibility of a favorable polygraph examination, and failed to contest the unlawful entry to his home. (Docket No. 351.) Landrón, however, does not provide enough detail to be able to evaluate his argument. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). For example, he mentions an illegal search of his house but there is no reference to the record or any indication that this ever happened. Additionally, Landrón has not provided sufficient detail to assess whether his attorney's actions were reasonable, much less that they prejudiced the outcome of his trial. The Court finds that Landrón has waived his

Criminal No. 09-329 (FAB)                                              10

ineffective assistance of counsel argument by failing to develop it.

For his claim of prosecutorial misconduct, he alleges that the prosecution failed to disclose DEA reports of investigation, which he alleges contradict key elements of the prosecution's case. Landrón references three exhibits (Exhibits D, E and F) but Exhibit E does not exist, and only one of the exhibits (Exhibit F) is a DEA report of investigation. See Docket No. 351-1 at pp. 4-8. The attached report of investigation was provided to Landrón during trial. See Landrón-Class, 696 F.3d at 72-73. Furthermore, the First Circuit Court of Appeals already determined that the Court did not commit an error in withholding two DEA reports. Id. And, even if the Court were to credit his allegation, Landrón fails to explain how the report contradicted the prosecution's case. Accordingly, the Court finds that withholding two DEA reports was not a fundamental error.

Landrón's last error warrants more discussion. He argues that the forfeiture allegation in Count Four was expressly dismissed in the judgment and because of that, the Court's subsequent Final Order of Forfeiture is null and void. Consequently, the seizure of the property in the civil forfeiture case was unlawful. (Docket No. 358 at p. 4. According to Landrón, this error warrants vacating his conviction.

Criminal No. 09-329 (FAB)                                                    11
_____

       The Court disagrees.  "An alleged error in [a forfeiture order is] not fundamental to the underlying convictions." Iacaboni, 592 F. Supp. 2d at 221.  Landrón does not explain how, nor is there evidence to suggest that, the forfeiture prejudiced the merits of his defense against his conviction.  And in any case, the forfeiture of the property occurred in the civil forfeiture case and not due to the criminal forfeiture order.  In the civil forfeiture case, the Court ultimately allowed forfeiture of the property because it found that Landrón did not have standing to challenge the forfeiture of the property.  (Civil Case No. 074-1809; Docket No. 247 at pp. 3-4; see also Civil Case No. 07-1809, Docket No. 228 (the government informed the Court that "the defendant property in [the civil forfeiture] case, . . . is separate and independent of the forfeiture in the criminal case."). The First Circuit Court of Appeals affirmed the decision, and noted that "any deficiency in the notice of the forfeiture action was cured when the court gave potential claimants an extra ten days to enter their verified claims and answers.  [Landrón] failed to do so and we see nothing to excuse his default."  (Civil Case No. 07-1809, Docket No. 265.)  Accordingly, the Court finds that the dismissal of the forfeiture charge in the final judgment does not constitute a fundamental error supporting a writ of *coram nobis*.

Criminal No. 09-329 (FAB)                                              12

The Court, however, agrees that there is an error in the judgment because the forfeiture allegation was inadvertently dismissed.[4]  See Docket No. 237.  Under Federal Rule of Criminal Procedure 32.2 ("Rule 32.2"), "the court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." Rule 32.2(b)(4).  "The appropriate remedy for violation of the Rule depends on context.  One very serious situation would be if the violation bespoke a lack of notice and opportunity for the defendant and third parties to object to a proposed forfeiture." United States v. Yeje-Cabrera, 430 F.3d 1, 14 (1st Cir. 2005).

Landrón received notice and had an opportunity to contest the forfeiture.  It was an issue during the jury trial and the jury found that $541,200 were subject to forfeiture as proceeds of the conspiracy.  (Docket No. 208.)  In fact, the government was requesting $684,000, but the jury only awarded $541,200.  (Docket No. 208.)  While the Court did not enter a preliminary order of forfeiture before sentencing as required by Rule 32.2(b)(1), the Court referenced the forfeiture amount determined by the jury at the sentencing hearing.  See Docket No. 261 at p. 44 ("The jury unanimously agreed that there were proceeds derived from the crime

---

[4] Neither of the parties informed the Court of the error in the judgment when it was entered.

in the amount of $541,200.").)  Furthermore, Landrón was aware of the final forfeiture order entered on December 17, 2010 – 38 days after judgment was entered.  (Docket No. 249.)  He requested that it be held in abeyance pending appeal, but his request was denied.  (Docket No. 252; Docket No. 257.)  Landrón did not contest the final forfeiture order in his direct appeal or in his *habeas* petitions.  To the extent Landrón is requesting that the forfeiture order be vacated, the Court denies the request.  Instead, Rule 32.2(b)(4) allows the Court to correct its "failure to [include the forfeiture in the judgment] at **any time** under Rule 36."  Fed. R. Crim. P. 32.2(b)(4)(b) (emphasis added).  Accordingly, the Court will enter an amended judgment under Rule 36 reflecting the inclusion of the forfeiture order.[5]

   D.   **Conclusion**

   For the reasons set forth above, Reynaldo Landrón-Class's motion for a writ of *coram nobis* is **DENIED**.  (Docket No. 351.)

---

[5] "The fact that the judgment was amended to include the forfeiture . . . does not permit [defendant] to raise [a] challenge that could have been brought in the first appeal. . . .  [T]he simple fact that a judgment was amended does not somehow open the entire judgment up to attack."  United States v. Zorrilla-Echevarría, 671 F.3d 1, 8-9 (1st Cir. 2011).

Criminal No. 09-329 (FAB)                                              14

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 22, 2025.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
